IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

ROBERT SIMON, JR.                                                                    PETITIONER

V.                                                    CIVIL ACTION NO.: 2:04CV26-P

CHRISTOPHER EPPS, ET AL.                                        RESPONDENTS

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND**

Petitioner, a death-row inmate, filed a petition for a writ of habeas corpus in this Court, and his petition was denied by the Court on November 30, 2007. Included among his claims for relief was that Petitioner's trial counsel was ineffective for failing to investigate and prove facts in mitigation at trial. Specifically, Petitioner argued that trial counsel was ineffective for failing to uncover the fact that he suffered physical abuse at the hands of his father. Presently before the Court is Petitioner's "Motion to Alter or Amend" the opinion and order of this Court based on what Petitioner contends is an unreasonable analysis of Supreme Court precedent on the issue of counsel's duty to prepare and present mitigating evidence. Respondents have filed a response to the instant motion, and this matter is now ripe for review.

A motion filed within ten days of entry of judgment which asks the Court to revisit its judgment is considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Days v. Johnson*, 322 F.3d 863, 865 n.3 (5th Cir. 2003). The purpose of a Rule 59(e) motion is not to relitigate arguments or persuade a rehearing on the merits, but to call into question a judgment's correctness. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A judgment may be amended under the rule when there exists a need to: (1) correct a judgment based on manifest error of law or fact; (2) correct a clear error or prevent manifest injustice; (3) present previously

1

undiscoverable evidence; or (4) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see also* 11 Wright, Miller & Kane, *Federal Practice & Procedure: Civil* 2d § 2810.1, p. 125-27 (1995). While it is "an extraordinary remedy that should be used sparingly," courts have a great deal of discretion in whether to grant or deny a Rule 59 motion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n. 14 (5th Cir. 1994).

In the instant motion, Petitioner argues that this Court's judgment should be amended as trial counsel performed deficiently in failing to investigate his family background, which included physical abuse. Petitioner contends that this Court erred in its analysis of his claim under both the deficiency and prejudice prongs of *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner asserts that the deficiency prong analysis unreasonably found that trial counsel had made an adequate investigation. (Pet. Mot. 3, ¶ 6). Petitioner also maintains that the prejudice prong of this Court's inquiry was made in error, as the Court rejected Petitioner's argument that the imposition of a life sentence in *Simon I* means that it was reasonably likely a juror could have been persuaded to impose a life sentence had additional mitigating evidence been offered. (Pet. Memo 3, ¶ 7).

The instant motion contains no information the Court did not consider in its opinion denying federal habeas relief. Petitioner cites to *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) and *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), in support of his argument that the Court's analysis was error. Those cases involve a

2

fact-specific analysis that the Court finds distinguishable from the instant case. In *Rompilla*, evidence undiscovered by trial counsel existed in court files, and defense counsel knew the prosecution intended to rely upon the evidence to establish the presence of an aggravating factor. *Rompilla*, 545 U.S. at 383, 125 S.Ct. at 2463-64. In *Wiggins*, there were school, medical, and welfare records counsel failed to pursue. *Wiggins*, 539 U.S. at 516-17, 123 S.Ct. at 2533 (evidence not presented that there existed evidence of physical abuse, sexual abuse, repeated rape in foster care, abandonment by alcoholic mother during time petitioner and siblings forced to beg for food and eat paint chips).

On post-conviction review, Petitioner presented three affidavits from family members claiming Petitioner was physically abused by his father as a child. Petitioner's mother testified at trial, as did Dr. William Kallman, who interviewed Petitioner and took a familial history. As the Court noted in its opinion, neither of these individuals gave any indication that Petitioner was abused as a child. As the Mississippi Supreme Court noted, "none of the affidavits state that Simon's trial counsel was ever told before or during the sentencing phase of trial that Simon was abused as a child. Simon has failed to show in the record and in his affidavits that his counsel knew or had reason to know of his past abuse given his and Dr. Kallman's investigation." *Simon v. State*, 857 So.2d 668, 685 (Miss. 2003). In the instant case, Petitioner gave counsel no indication that an abusive family background existed. *See Carter v. Johnson*, 131 F.3d 452, 465 (5th Cir. 1997) ("The duty of trial counsel to investigate is tempered by the information provided to counsel by the defendant.").

This Court determined Petitioner's argument - that proof of prejudice was established by

the imposition of a life sentence in *Simon I* for the rape and murder of a nine-year old girl - was without merit. Petitioner's argument is essentially that one juror rejected a sentence of death in *Simon I*, such that it is reasonably likely one juror would have rejected the death sentence in *Simon II* had the mitigating evidence of childhood abuse been presented. The Court noted that Petitioner's life sentence in *Simon I* is not proof of prejudice in this case. Petitioner's instant argument does not change the Court's opinion. The totality of the evidence against Petitioner is considered in making a prejudice determination. *See Strickland*, 466 U.S. at 695, 104 S.Ct. at 2069. As the Mississippi Supreme Court found in its analysis of the prejudice component of *Strickland*:

> The aggravating circumstances proven below remove any doubt whether there was a reasonable probability the sentence might be different but for counsel's failure to offer Simon's abuse as a child as mitigating evidence. Carl and twelve-year-old Gregory Parker were bound hand and foot by their killers and shot twice each. They were shot at point-blank range in the back, both times suffering contact wounds from the barrel of the gun which killed them. Carl's ring finger on his left hand was cut off by his murderer, and Gregory was beaten before he was shot. Both bled to death on the floor of their living room. Bobbie Joe Parker was shot in the chest and taken into a bedroom, which the murderers then set ablaze. Her severely-charred remains made her identification difficult once the police arrived and the fire was quenched. Evidence of Simon's abuse as a child, even if developed further at a hearing below, would not have had a reasonable probability of changing the jury's sentence from death to life had it been presented to them. Therefore, Simon's claim of ineffective assistance at sentencing also fails to satisfy *Strickland's* prejudice component.

*Simon v. State*, 857 So.2d 668, 685 (Miss. 2003).

The Court is not persuaded that it erred in determining Petitioner failed to show the decision reached by the Mississippi Supreme Court on this ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. The Court is of the opinion that Petitioner has not shown circumstances exist

4

that would warrant the Court's grant of his motion to amend or alter the judgment in this cause. Accordingly, his motion is **DENIED**.

    **SO ORDERED** this the 27th day of December, 2007.

                                                /s/ W. Allen Pepper, Jr.
                                                W. ALLEN PEPPER, JR.
                                                UNITED STATES DISTRICT JUDGE