IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

ROBERT SIMON, JR.                                                                           PETITIONER

V.                                                                         CIVIL ACTION NO.: 2:04CV26-P

CHRISTOPHER EPPS, ET AL.                                                              RESPONDENTS

## MEMORANDUM OPINION

The instant case concerns Petitioner's convictions of capital murder and sentences of death for the 1990 murders of Carl, Bobbie Jo, and Gregory Parker.[1] After his direct appeal and state post-conviction remedies failed to provide Petitioner with relief, he sought a writ of habeas corpus raising twenty-five claims of error, which was denied by this Court on November 30, 2007. *Simon v. Epps*, 2007 WL 4292498 (N.D. Miss. November 30, 2007) ("*Simon IV*"). Petitioner filed a motion to alter the judgment on December 14, 2007, asserting that the Court's rejection of his ineffective assistance of counsel claim relating to trial counsel's failure to investigate and prove facts in mitigation at trial was error. This Court denied Petitioner's motion on December 27, 2007. *Simon v. Epps*, 2007 WL 4589332 (N.D. Miss. December 27, 2007). Petitioner now seeks a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b) regarding the Court's resolution of his claims of

---

[1] The Parkers' daughter, Charlotte Parker, was also murdered on February 2, 1990. Petitioner was separately indicted and tried for the capital murder of Charlotte Parker and was convicted of capital murder, sexual battery, and kidnapping. The jury failed to reach a unanimous verdict during the sentencing phase, and Petitioner was sentenced to life imprisonment for the capital murder and thirty years for each of the underlying felonies. *See Simon v. State*, 633 So.2d 407 (Miss. 1993), *vacated on other grounds*, *Simon v. Mississippi*, 513 U.S. 956, 115 S.Ct. 413, 130 L.Ed.2d 329 (1994) (hereinafter "*Simon I*").

1

ineffective assistance of counsel within the framework of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner asserts that the resolution of the following claims was error: (1) trial counsel's ineffective investigation and presentation of mitigating evidence; (2) trial counsel's ineffectiveness in challenging the admissibility of Petitioner's confession where said confession was physically coerced; and (3) trial counsel's ineffective performance during jury selection.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner must obtain a COA to take an appeal from a final order denying his federal habeas petition. *See* Title 28 U.S.C. § 2253(c)(1)(A). Petitioner is entitled to a COA upon "a substantial showing of the denial of a constitutional right," which may be made by demonstrating that the application involves claims that are debatable among jurists of reason, or that the claims are valid to deserve encouragement in further proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Claims that have been rejected on their merits require Petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). If the claim has been rejected on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The inquiry made by this Court is limited to the underlying merits of Petitioner's claims after generally assessing the merits. *See Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342, 120 S.Ct. at

1042.

Doubts regarding whether a COA should be granted are resolved in favor of Petitioner, with the Court taking into consideration that Petitioner has been sentenced to death. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000), *cert denied*, 531 U.S. 849, 121 S.Ct. 122, 148 L.Ed.2d 77 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (court resolves doubts in favor of petitioner in death penalty cases). However, "the severity of the penalty" itself is not sufficient to automatically issue the certificate. *Washington v. Johnson*, 90 F.3d 945, 949 (5th Cir. 1996), *cert. denied*, 520 U.S. 1122, 117 S.Ct. 1259, 137 L.Ed.2d 338 (1997).

Although Petitioner need not prove that he is entitled to relief under the AEDPA in order to obtain a COA, the consideration of his claims must be limited by the deferential standard of review under the AEDPA. *See, e.g., Miller-El*, 537 U.S. at 337-38, 123 S.Ct. at 1039-40. The ineffective assistance of counsel claims for which Petitioner seeks a COA were adjudicated on the merits by the Mississippi Supreme Court. Under the AEDPA, federal habeas relief is warranted on Petitioner's *Strickland* claims only where the State court's decision was objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471(2003). The issue is not whether reasonable jurists would disagree with the Court's analysis or resolution of the merits of Petitioner's claims, but rather, whether the Court's application of deference under the AEDPA to the State court decision is debatable among jurists of reason. *See id.* at 341, 123 S.Ct. at 1041-42; *Medelin v. Dretke*, 371 F.3d 270, 275 (5th Cir. 2004) (issue in COA inquiry is whether court's application of deference entitles petitioner to a COA).

This Court did not choose to address, *sua sponte*, the matter of a COA in determining the merits of Petitioner's federal habeas petition, though the Court's decision regarding the instant

application is based upon the reasons set forth in that opinion. To the extent that Petitioner merely reargues the claims previously presented to the Court, the Court will not recite its opinion denying Petitioner federal habeas relief. The Court addresses Petitioner's claims in his COA application to the extent necessary to clarify the decision reached today. The Court now turns to Petitioner's claims in support of his application.

## I. Investigation and Presentation of Mitigating Evidence

This Court rejected this particular claim in Petitioner's federal habeas petition as well as in his subsequently filed motion to alter the judgment. As he did previously, Petitioner asserts that counsel "utterly failed to investigate Simon's family history and provided no mitigation proof about it." (App. for COA 2). Specifically, Petitioner argues trial counsel wholly failed to question family members or otherwise investigate the childhood abuse he suffered at the hands of his father, and that the affidavits submitted during his State post-conviction proceedings demonstrate that his mother, brother, and step-brother could have provided valuable mitigation-stage testimony regarding abuse in the home during his childhood. Petitioner argues that this Court's analysis as to both the deficiency and prejudice prongs of *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) was in error. (App. for COA 2-3).

Petitioner asserts that counsel had a duty to investigate, and that no tactical reason existed for failing to question family members about crucial mitigating evidence, such that this Court erred in determining the decision of the Mississippi Supreme Court was not unreasonable with regard to the adequacy of counsel's performance. (App. for COA 3-4). Petitioner also maintains that in *Simon I*, a nine year-old girl had been kidnapped and raped, yet he received a life sentence. (App. for COA 3-4). Petitioner maintains this Court erred in rejecting his argument

4

that a life sentence in *Simon I* necessitates a finding that a juror could have been persuaded to impose a life sentence in this case had additional mitigating evidence been presented. (App. for COA 4). Petitioner maintains he did not receive a life sentence in *Simon I* by default, but rather by persuading a juror that he did not deserve the death penalty, which is an important consideration in evaluating the prejudice prong of an ineffectiveness claim. (App. for COA 4).

In denying federal habeas relief on this ground, the Court noted that Petitioner was twice examined by his defense expert, Dr. Kallman, who testified at trial as to Petitioner's employment history, family background, and personality characteristics. *See Simon IV*, 2007 WL 4292498 at \*\*18-19. His testimony did not hint that Petitioner suffered an abusive childhood. *Id*. Petitioner's mother, Rosie Simon, also testified, and she did not mention an abusive home life. *Id*. at \*19. The Court referenced the Mississippi Supreme Court's observation that the affidavits, taken as true, proved that there were witnesses who could have testified that Petitioner suffered physical abuse as a child, but that "none of the affidavits state that Simon's trial counsel was ever told before or during the sentencing phase of trial that Simon was abused as a child." *Id.* at \* 19 (citing *Simon v. State*, 847 So.2d at 685). The Mississippi Supreme Court found there was no deficient performance or prejudice, as the aggravating factors were sufficient to remove a reasonable probability that Petitioner would not have been sentenced to death had testimony of his father's violent history been presented. *Simon v. State,* 847 So.2d at 685. The court stated "[t]hat Simon can now concoct a 'better' case for mitigation provides no weight to the analysis of whether his trial counsel provided effective assistance when it was rendered in 1990." *Id.* at 686.

Petitioner has not presented any court considering his claim with an affidavit from

5

counsel that would indicate the exact nature and extent of investigation performed. One fundamental problem with Petitioner's allegation of ineffectiveness is that the State court had little evidence of the precise information trial counsel developed and possessed prior to and during trial. However, counsel did procure the services of an expert, both Dr. Kallman and Petitioner's mother testified at trial to Petitioner's early life, and it is known from the affidavits that trial counsel spoke with some of Petitioner's family members. The quantum of evidence known to defense counsel is important when assessing the reasonableness of the attorney's investigation. See *Wiggins v. Smith*, 539 U.S. 510, 527, 123 S.Ct. 2527, 2538, 156 L.Ed.2d 471 (2003). Trial counsel developed and presented mitigating evidence about Petitioner's home life through the testimonies of Dr. Kallman and Mrs. Simon. See *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (advocating caution in scrutinizing trial counsel's investigation and presentation of mitigating evidence when such inquiry comes down to "matter of degrees"). There is nothing in the record that should have led counsel to suspect Petitioner was physically abused as a child, particularly given the history taken by Dr. Kallman and Mrs. Simon's testimony regarding Petitioner's youth. See *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) ("In determining the reasonableness of decisions not to investigate, information provided by the defendant is only one factor, but in some cases it may be the controlling fact.") (citation omitted).

Petitioner has not demonstrated that there was any information contained in school, social services, or hospital records that indicated this violent familial history that trial counsel failed to uncover. See *Wiggins*, 529 U.S. at 515-16, 123 S.Ct. at 2532 (Court noting that social service records were available as mitigating evidence in capital murder case and no life history

6

was introduced into evidence during trial itself); *Rompilla v. Beard*, 545 U.S. 374, 389, 125 S.Ct. 2456, 2460(67), 162 L.Ed.2d 360 (2005) (ineffective assistance rendered where attorney aware of prosecution's strategy to use his client's past convictions to emphasize violent history failed to obtain mitigating evidence or otherwise examine files regarding prior felony convictions). Counsel's duty to investigate the existence of mitigating evidence does not require that he be able ferret out evidence that he has no reason to believe exists. *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997) (quoting cases noting that "[c]lairvoyance is not a required attribute of effective representation") (citations omitted); *see also Johnson v. Cockrell*, 306 F.3d 249, 252-53 (5th Cir. 2002) (noting that when attorneys adequately investigate the possibility of mitigation evidence, the court "has consistently refused to hold attorneys responsible for introducing mitigation evidence that their client and other witnesses fail to disclose."); *Carter v. Johnson*, 131 F.3d 452, 465 (5th Cir. 1997) ("The duty of trial counsel to investigate is tempered by the information provided to counsel by the defendant.").

Following this Court's rejection of Petitioner's argument as to the deficient performance of counsel, the Court noted that Petitioner's argument did not establish prejudice, as the sentence imposed in *Simon I* resulted from the jury's inability to make a unanimous decision, and that case only involved one victim. *Simon IV*, 2007 WL 4292498 *19. The brevity of the Court's statement alone would not warrant the grant of a COA, as the Court had already determined that the decision of the Mississippi Supreme Court regarding the deficiency prong did not warrant relief under the AEDPA. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 (court need not address both deficiency and prejudice prongs where petitioner makes insufficient showing on one). In denying Petitioner's motion to alter the judgment based on this Court's analysis of the

7

prejudice prong of *Strickland*, the Court cited the Mississippi Supreme Court's analysis of this component:

> The aggravating circumstances proven below remove any doubt whether there was a reasonable probability the sentence might be different but for counsel's failure to offer Simon's abuse as a child as mitigating evidence. Carl and twelve-year-old Gregory Parker were bound hand and foot by their killers and shot twice each. They were shot at point-blank range in the back, both times suffering contact wounds from the barrel of the gun which killed them. Carl's ring finger on his left hand was cut off by his murderer, and Gregory was beaten before he was shot. Both bled to death on the floor of their living room. Bobbie Joe Parker was shot in the chest and taken into a bedroom, which the murderers then set ablaze. Her severely-charred remains made her identification difficult once the police arrived and the fire was quenched. Evidence of Simon's abuse as a child, even if developed further at a hearing below, would not have had a reasonable probability of changing the jury's sentence from death to life had it been presented to them. Therefore, Simon's claim of ineffective assistance at sentencing also fails to satisfy *Strickland's* prejudice component.

*Simon v. State*, 857 So.2d 668, 685 (Miss. 2003).

Petitioner received a sentence of life in *Simon I* by the trial court. To be certain, whether a single juror could have been persuaded not to impose a sentence of death had the omitted evidence been presented is an important consideration in a prejudice determination. *See Neal v. Puckett*, 286 F.3d 230, 241 (5th Cir. 2002) (prejudice inquiry requires court to determine whether the mitigating evidence contained in record but not presented at trial is so compelling that there exists a reasonable probability that at least one juror could have determined that death was not an appropriate sentence). To the extent Petitioner's request for a COA hinges on the fact that the Court used the term "default" to refer to the trial court's imposition of sentence in *Simon I*, Petitioner's argument is not well-taken. *See Medelin*, 371 F.3d at 275 (issue is court's application of deference). The Court notes that Petitioner has not even alleged that evidence of childhood physical abuse was presented in *Simon I*, and that it was the presentation of that

8

evidence which convinced one juror to decline to impose a sentence of death. However, even if such evidence had been presented in *Simon I* but omitted in the instant case, this Court cannot conduct a prejudice analysis of this case by comparing it with a case in which, among other things, the victims, felonies, facts, and jurors differ.

Rather, the Court must assess prejudice by reweighing the evidence in aggravation against totality of available mitigating evidence in this case. *Wiggins*, 539 U.S. at 534, 123 S.Ct. at 2542.. Petitioner has presented the Court with nothing more than a suggestion of a different outcome, which is insufficient to sustain his claim given the facts of these crimes. *See Jones v. Johnson*, 171 F.3d 270, 277 (5th Cir. 1999) (no prejudice where brutal and lengthy nature of murder, defendant's confessions, and lack of other mitigating evidence required conclusion that counsel's failure to present the proposed evidence would not have made any difference with respect to the outcome of the sentencing phase); *Sharp v. Johnson*, 107 F.3d 282, 287 (5th Cir. 1997) (no prejudice from counsel's failure to discover and present mitigating evidence where nature of crime and circumstances would have overwhelmed mitigating evidence identified by defendant). As noted by the Mississippi Supreme Court, the omitted mitigating evidence was unlikely to have had an impact on the result of the sentencing phase given the facts and circumstances of these murders. Therefore, the Court concludes that there exists no debate among jurists of reason that the Mississippi Supreme Court applied the correct standard in an objectively reasonable manner to Petitioner's claim, and it determines this claim is not deserving of further encouragement.

## II. Failure to Challenge Admissibility of Physically Coerced Confession

Petitioner next argues that he received ineffective assistance of counsel as the only proof

trial counsel put forward that his confession was physically coerced came from Petitioner's own testimony, despite the fact that others were available to corroborate his testimony. (App. for COA 4). Petitioner argues that there exists a reasonable probability that the result of the trial would have been different had the confession been suppressed or otherwise disregarded by the jury. (App. for COA 4-5). Petitioner maintains that his wife, mother, and brother could have all testified that he was beaten by police officers prior to his confession, and that defense counsel only offered evidence through the testimony of Dr. Kallman that the confession was psychologically coerced. (App. for COA 6).

On direct appeal, the Mississippi Supreme Court affirmed the trial court's finding that the confession was voluntarily made, and on post-conviction review the court otherwise determined that the self-serving, hearsay nature of the affidavits provided no new information beyond what was testified to at the suppression hearing. *See Simon IV*, 2007 WL 4292498 at * 13 (referencing *Simon v. State*, 857 So.2d at 680). The court determined that the injuries alleged could have happened at the hands of someone other than police officers, and that the trial court would not have likely given weight to the testimony of family members, who were not present during the confession, as to the origin of the injuries. *Id.* The court also noted that there was no basis for Petitioner's family members to testify that he had been beaten prior to giving his confession, as Petitioner did not testify at trial and Dr. Kallman testified only as to psychological coercion. *Id.* Additionally, trial counsel would have had to overcome an adverse ruling in order to have the evidence presented at trial, as the court had already denied the motion to suppress Petitioner's statement. *Id.* Therefore, trial counsel's decision was a matter of trial strategy that did not demonstrate deficient performance, and no prejudice could have resulted from counsel's failure

to present such evidence as the statement had already been determined voluntarily made and admissible. *Id.*

This Court rejected Petitioner's argument and determined that Petitioner had failed to demonstrate that the Mississippi Supreme Court was unreasonable in its application of *Strickland* to the facts of Petitioner's claim. *Simon IV*, 2007 WL 4292498 * 14. Petitioner has presented the Court with no information or legal authority that was not considered and rejected in this Court's opinion and order denying Petitioner federal habeas relief. In federal habeas, a petitioner's complaints of uncalled witnesses are generally insufficient to establish deficient performance by trial counsel, as the presentation of such evidence is a matter of trial strategy, and the testimony of uncalled witnesses is largely speculative. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). Petitioner has not attempted to demonstrate that the testimony of his family members regarding his allegations of physical coercion would have been allowed at trial, nor has he demonstrated that their testimony would have been favorable to his defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (petitioner must show testimony of uncalled witnesses would have testified and that testimony would have been favorable in order to demonstrate prejudice). The Court concludes that there exists no debate among jurists of reason that the Mississippi Supreme Court applied the correct standard in an objectively reasonable manner to Petitioner's claim. The Court determines this claim is not deserving of further encouragement, and a COA as to this claim is denied.

### III. Jury Selection

Finally, Petitioner maintains that defense counsel rendered ineffective assistance when he: (1) failed to object when his opportunity to rehabilitate jurors with beliefs against the death

penalty was cut off; (2) failed to raise this fact when the trial court stated that he had only partly rehabilitated those jurors; and (3) failed to raise this fact when the prosecution was given additional opportunity for rehabilitation in response to the defendant's objections to jurors automatically in favor of the death penalty. (App. for COA 6-7). Petitioner argues that defense counsel also failed to act upon the prosecutor's concession that the trial court should excuse those jurors whose impartiality could be doubted due to pretrial publicity. (App. for COA 7).

Petitioner presents the Court with a recitation of the arguments presented in his application for federal habeas relief, and he fails to reference or cite a single case supporting his application on this ground. In denying this claim, the Court noted that the record did not support Petitioner's arguments. *See Simon IV*, 2007 WL 4292498 at *12. The Court noted that the record suggested that both the State and the defense were allowed to conduct an individual voir dire when a question arose as to the nature of the responses of the potential jurors. *Id.* Moreover, each juror struck for their views on the death penalty were unequivocal that they could not impose a sentence of death upon a finding of guilt. *See*, *e.g.*, *United States v. Webster*, 162 F.3d 308, 340 (5th Cir. 1998). Trial counsel's decision not to attempt to rehabilitate venire members who unequivocally expressed their opposition to the death penalty does not constitute ineffective assistance of counsel. *See, e.g., Moore v. Maggio*, 740 F.2d 308, 317 (5th Cir. 1984). The Court concludes that there exists no debate among jurists of reason that the Mississippi Supreme Court applied the correct standard in an objectively reasonable manner to Petitioner's claim. The Court determines that this claim is not deserving of further encouragement, and a COA as to this claim is denied.

## Conclusion

Petitioner has failed to make a substantial showing of the denial of any constitutional right with regard to the claims in the instant application, and a COA as to all claims is **DENIED**. A separate order in accordance with this opinion shall issue this day.

**THIS**, the 19th day of March, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE